**Jesse Lincoln WOODARD et al., Plaintiffs,**

v.

**VIRGINIA BOARD OF BAR EXAMINERS et al., Defendants.**

Civ. A. No. 75–0437–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 9, 1976.

James A. Winstead, Norfolk, Va., W. Edward Thompson, Washington, D.C., for plaintiffs.

Stuart H. Dunn, D. Patrick Lacy, Jr., Asst. Attys. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a black citizen of Virginia who failed to pass the Virginia bar examination, brings this action under 42 U.S.C. §§ 1981, 1983, 1985, 1988 and 2000e–2 to redress alleged racially discriminatory practices which deprive black applicants of an equal opportunity to become practicing attorneys at law in Virginia. The Court has tentatively declared this litigation to be a class action pursuant to Rule 23(b)(2), Fed.R. Civ.P. The defendants are the Virginia Board of Bar Examiners (the Board) and the individual members thereof. Jurisdiction is alleged under 28 U.S.C. § 1343(3) and 42 U.S.C. § 2000e–5. The matter comes before the Court on defendants' motion to dismiss that portion of the complaint alleging a violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2. The Court having considered matters outside the pleadings treats the motion as one for summary judgment. Rule 56, Fed.R.Civ.P.

The gist of the substantive controversy centers on whether the defendants discriminate against black applicants in the design, administration or scoring of the Virginia bar examination. The sole issue before the Court under the instant motion is whether plaintiffs' claim may be pursued after Title VII of the 1964 Civil Rights Act. Plaintiffs' purpose is obvious. *Compare Griggs v. Duke Power Co.,* 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1970) *with Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). The Court has concluded that Title VII does not apply to the bar examination by its own terms. *See Richardson v. McFadden,* 540 F.2d 744, at p. 747 (4th Cir. 1976).

The plaintiffs concede that the traditional employment relationship does not exist between the parties. The Board neither "employs" nor "procures employment opportunities" for applicants for admission to the Bar. The primary function of the defendants is the design, administration and scoring of the Virginia semi-annual bar examination. It is submitted, however, that the defendants' control over the plaintiffs' access to the attorney job market is sufficient to bring this controversy within the purview of Title VII. Admittedly, there is both judicial and administrative support for this position.

In *Sibley Memorial Hospital v. Wilson,* 160 U.S.App.D.C. 14, 488 F.2d 1338 (1973), the defendant Hospital, which did not employ the plaintiff, was held liable under

Title VII for discriminatorily interfering with the plaintiff's employment opportunities with other employers. Notwithstanding the absence of a conventional employer-employee relationship, the Court held that the degree of control the defendant exercised over the plaintiff's ability to secure employment was sufficient to bring the claim within the contours of Title VII. The *Sibley* rationale was adopted in *Puntolillo v. New Hampshire Racing Commission*, 375 F.Supp. 1089 (D.N.H.1974), to permit a Title VII attack on the allegedly discriminatory licensing practices of a state agency. The Equal Employment Opportunity Commission (EEOC) has adopted the *Sibley* and *Puntolillo* doctrine and has accepted jurisdiction over charges alleging discriminatory testing practices by a state licensing agency. *Ciancio v. Family Life Insurance Co. and the State of California Department of Insurance*, Decision No. 75–249 (May 6, 1975).

Were the *Sibley* rationale otherwise applicable, there is little doubt but that the defendants exercise complete control over the plaintiffs' access to the attorney job market within the Commonwealth of Virginia.[1] The instant controversy, however, is both factually and conceptually distinguishable from that presented in *Sibley Memorial Hospital v. Wilson, supra.*

Several courts have found Title VII inapplicable to challenges to bar examinations. The Fifth Circuit Court of Appeals stated unequivocally that "Title VII does not apply by its terms, of course, because the Georgia Board of Bar Examiners is neither an 'employer,' an 'employment agency,' nor a 'labor organization' within the meaning of the statute." *Tyler v. Vickery*, 517 F.2d 1089, 1096 (5th Cir. 1975). Accord, *Murry v. Supreme Court*, No. 72–2101 (9th Cir. 1973). Neither of these cases, however, directly address the plaintiffs' arguments heretofore outlined; nor do they reflect a cognizance of the EEOC opinion in *Ciancio v. Family Life Insurance Co., supra.* At least one court has dismissed a similar action on the grounds that the Board of Bar Examiners does not employ the jurisdictionally mandated number of employees.[2] *Lewis v. Hartsock*, C.A. No. 73–16 (S.D. Ohio, March 9, 1976). While the Court has concluded that in the instant case Title VII is not applicable, its disposition of the issue does not rest on the ground adopted by the Ohio court.[3]

1. All persons desiring to practice law in Virginia must obtain a license from the Board. Va. Code Ann. § 54–42 (1974 Repl.Vol., 1976 Supp.). Entitlement to this license is predicated upon, with a small exception not applicable to this controversy, the successful passage of the bar examination. Va.Code Ann. § 54–64 (1974 Repl.Vol.). The Board prepares, administers and grades these examinations. Va.Code Ann. § 54–57.1 (1974 Repl.Vol., 1976 Supp.)

2. Employers, who are prohibited from engaging in illegal employment practices as set forth in 42 U.S.C. § 2000e–2 are defined as "person[s] engaged in an industry affecting commerce who has fifteen or more employees . . ." 42 U.S.C. § 2000e(b). It is generally accepted that employment of the requisite number of persons is a jurisdictional element of Title VII. *See Hassell v. Harmon Foods, Inc.*, 454 F.2d 199 (6th Cir. 1972). Affidavits submitted by the defendants attest that the Board does not now, nor has it ever, employed fifteen or more persons. The defendants argue, in essence, that all state agencies with fewer than fifteen employees are not subject to Title VII.

3. The Court is satisfied that the Board is an agent of the state which unquestionably employs the requisite number of persons. The statutory definition of employer includes agents of persons employing fifteen or more persons. 42 U.S.C. § 2000e(b). The Board's statutory origin, its role in performing the sovereign function of licensing professions, and the statutory restrictions placed on its authority are the primary factors supporting the Court's conclusion that an agency relationship exists. *See generally* Va.Code Ann. § 54–53 *et seq.*, (1974 Repl.Vol.). *Cf. Hanshaw v. Delaware Technical and Community College*, 405 F.Supp. 292, 296 (D.Del.1975); *Board of Supervisors v. Massey*, 210 Va. 253, 169 S.E.2d 556, 562 (1969); *Citizens Foundations v. City of Richmond*, 207 Va. 174, 148 S.E.2d 811 (1966). Any doubts concerning the propriety of applying Title VII to state and local governments has been dispelled by the Supreme Court's recent decision in *Fitzpatrick v. Bitzer*, —— U.S. ——, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

The defendants also contend that this action is untimely under Title VII. For the sake of clarifying the record, the Court will briefly address this contention. Mr. Woodard filed his charge

The United States Court of Appeals for the Fourth Circuit has recently provided guidance on this issue. In *Richardson v. McFadden, supra,* the Court upheld the validity of the South Carolina bar examination in the face of a constitutional attack. While not directly addressing the precise issue before this Court, Judge Craven noted that the "[A]ppellants agree that Title VII does not apply to the bar exam by its own terms." *Id.,* at p. 5. Additionally, the Court cited with approval United States Court of Appeals for the Fifth Circuit's opinion in *Tyler v. Vickery, supra.* The Court made it clear that state professional licensing examinations will not lightly be invalidated. *Richardson v. McFadden, supra,* at p. 750.

 This Court is satisfied that the principles of test validation developed under Title VII do not apply to professional licensing examinations. The EEOC guidelines in this area were developed in the context of traditional employment practices. *See generally, Albemarle Paper Co. v. Moody,* 422 U.S. 405, 425–35, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *Griggs v. Duke Power Co.,* 401 U.S. 424, 433–36, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). *See also* 29 C.F.R. § 1607 *et seq.* The employment tests utilized in the industrial setting are designed to measure an individual's ability to perform certain limited functions or operate particular machinery. The bar examination, however, serves a much broader purpose. A licensed attorney is presumed competent to handle any of a number of substantively divergent legal problems which may face his or her clients. Successful passage of the bar examination is intended to reflect a mastery of a wide range of substantive knowledge with which to approach such problems. The competing

interests of an employer and the state as a licensing body, moreover, are also quite different. The employer, whether public or private, has the limited interest in insuring that the individual hired is capable of performing the required tasks. Whatever the magnitude of this interest, *cf. Albemarle Paper Co. v. Moody, supra* ; *Griggs v. Duke Power Co., supra,* it falls short of that involved in professional licensing. The Supreme Court has recognized "that the States have a *compelling interest* in the practice of professions within their boundaries, and that as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the practice of professions." *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975) (emphasis added). *See also Brown·v. Supreme Court of Virginia,* 359 F.Supp. 549, 554 (E.D.Va.), *aff'd,* 414 U.S. 1034, 94 S.Ct. 533, 38 L.Ed.2d 327 (1973); *Richardson v. McFadden, supra,* at p. 749.

The Court accordingly concludes that the test validation guidelines promulgated by the EEOC do not govern the instant matter, and that the job relatedness of the Virginia bar examination will be measured under the principles enunciated in *Richardson v. McFadden, supra.*

An appropriate order will issue.

---

of discrimination with the EEOC on February 21, 1975 which is more than 180 days after he learned of the results of his examination. His complaint would be considered untimely by the Court if it were not for the fact that both the allegedly illegal practice (the bar examination) and its effects upon the plaintiff are presently continuing. When a person challenges continuous discriminatory conduct rather than any single discriminatory act, the 180-day limitation period of Title VII and the two-year limita-

tion period applicable to claims arising under 42 U.S.C. § 1981 are not operative. *Williams v. Norfolk & Western Railway Co.,* 530 F.2d 539, 542 (4th Cir. 1975); *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979, 994 (1973); *Cox v. United States Gypsum Co.,* 409 F.2d 289, 290 (7th Cir. 1969). The Court construes the instant complaint to be directed at continuing practices rather than any particular act.