Nancy L. YOUNG, Plaintiff,

v.

SHEETZ, INC., et al. Defendants.

No. CIV. A. 96–0016–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

March 2, 1998.

---

James A. Klenkar, Hall, Monahan, Engle, Mahan & Mitchell, Winchester, VA, for Nancy L. Young, plaintiff.

Thomas J. Flaherty, Elizabeth A. Lalik, Hunton & Williams, McLean, VA, Glenn Milburn Hodge, Cathleen P. Welsh, Thomas E. Ullrich, Wharton, Aldhizer & Weaver, PLC, Harrisonburg, VA, for Sheetz, Inc., Fox Mountain, Inc., Michael Rinker, Robert Campbell, defendants.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

The relevant facts of this case have been recited fully in prior opinions of this court. Briefly stated, plaintiff Nancy Young was employed as a clerk at defendant Sheetz, Inc. and Fox Mountain, Inc.'s store. Plaintiff was supervised by defendant Rinker, who in turn was supervised by defendant Campbell, the district manager. Plaintiff alleges that de-

fendant Rinker subjected her to continuing and unwelcome comments and actions of a sexual nature despite plaintiff's protests. In 1995, plaintiff filed an EEOC charge, received a Right to Sue letter, and filed the instant suit. The court dismissed certain claims and granted defendants' motions for summary judgment on certain claims. On January 21, 1998, Sheetz, Inc. ("Sheetz"), Fox Mountain, Inc. ("Fox Mountain"), and Robert Campbell ("Mr.Campbell"), filed a motion for "Reconsideration or for 28 U.S.C. § 1292(b) Certification and Stay of Proceedings." On January 29, 1998, Michael Rinker filed a "Motion for Reconsideration or for 28 U.S.C. § 1292(b) Certification and Stay of Proceedings." Sheetz, Fox Mountain, and Mr. Campbell request that this court reconsider its November 21, 1997 Memorandum Opinion as it concerns plaintiff's hostile work environment and intentional infliction of emotional distress claims. Mr. Rinker also requests the court to reconsider its ruling at summary judgment on plaintiff's intentional infliction of emotional distress claim. Alternatively, all defendants seek certification under 28 U.S.C. § 1292(b) and a stay of the proceedings before this court. This court declines to reconsider its earlier ruling and declines to certify the issues under section 1292.

■ As plaintiff notes in her February 6, 1998 memorandum in opposition to defendants' motions, the defendants have failed to present evidence suggesting that this court should reconsider its earlier opinion.

The defendants, despite their assertions, raise no new issues. They merely reiterate their arguments. First, defendants Sheetz, Fox Mountain, and Mr. Campbell again argue that plaintiff's claim was not timely because the last act in a series of alleged Title VII violations was insufficient for the court to find that an act occurred within 180 days of filing as required by the case law. *See*, *Brown v. Waynesboro Nurseries, Inc.*, 1994 WL 470473, *3, (W.D.Va.), *citing*, *Taylor v. Home Insurance Co.*, 777 F.2d 849, 856 (4th Cir.1985); *White v. Federal Express Corp.*, 729 F.Supp. 1536 (E.D.Va.1990); *Held v. Gulf Oil Co.*, 684 F.2d 427 (6th Cir.1982) (*citing*, *inter alia*, *Woodard v. Virginia*

*Board of Bar Examiners*, 420 F.Supp. 211 (E.D.Va.1976), aff'd, 598 F.2d 1345 (4th Cir. 1979)); *Weide v. Mass Transit Administration*, 628 F.Supp. 247 (D.Md.1985). Second, all of the defendants argue that the distress allegedly caused was insufficient as a matter of law to allow that claim to continue beyond summary judgment.

Because the motions of the defendants raise no new issues and the defendants are simply asking that the court change its mind as to two issues: one, whether defendant Rinker's touching or rubbing of the plaintiff's thigh was sufficient to be considered the last act in a series, and, two, whether plaintiff stated a claim for intentional infliction of emotional distress. When a motion for reconsideration raises no new arguments but rather seeks a different result by reiterating the same arguments, "relief is not authorized." *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir.1982).

The court considered the arguments raised by the defendants when it considered the motions for summary judgment, the report and recommendation of the magistrate judge, and the objections to said report and recommendation. It declines to revisit its analysis in the absence of new arguments.

■ All four defendants seek, in the alternative, certification for interlocutory appeal of this court's November 21, 1997 order and memorandum opinion. Section 1292(b) of Title 28 of the United States Code states:

when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of such an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days

28 U.S.C. § 1292(b) (West 1993).

■ As an exception to the general rule that a party may appeal only a final judg-

ment, interlocutory appeals under section 1292(b) are justified in circumstances that are limited and strictly construed. *Matterhorn, Inc. v. NCR Corp.,* 727 F.2d 629, 633 (7th Cir.1984). The purposes of appeals from interlocutory orders are narrow—only non-final orders with serious and perhaps irreparable consequences may be challenged under section 1292(b). *See, e.g., Gardner v. Westinghouse Broadcasting Co.,* 559 F.2d 209 (3d Cir.1977), *aff'd* 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978); *Donaldson v. Pillsbury Co.,* 529 F.2d 979 (8th Cir.1976); *Jones v. Diamond,* 519 F.2d 1090 (5th Cir.1975). Interlocutory appeals are allowed when irreparable injury will result from the denial of such an appeal or when the particular, narrow issue with which the order was concerned is wholly separable from the remainder of the case. *21 Turtle Creek Square, Limited v. New York State Teachers' Retirement System,* 404 F.2d 31 (5th Cir.1968). Most importantly, interlocutory appeals should be allowed only when the order under attack involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See, e.g., Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.,* 317 F.2d 741 (4th Cir.1963). The decision whether or not to certify a non-final order for interlocutory appeal lies within the discretion of the district court. *Swint v. Chambers County Com'n,* 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

Here, the defendants request certification for appeal of the instant interlocutory order denying the motion to reconsider the denial of summary judgment as to COUNT I and COUNT V. An order denying a motion for summary judgment in the first instance is interlocutory and, therefore, unappealable generally. *Valdosta Livestock Co. v. Williams,* 316 F.2d 188 (4th Cir.1963). Likewise, an order which denies a motion for reconsideration is interlocutory and unappealable when the order does not involve controlling questions of law about which there could be substantial disagreement. *Meyer v. Stern,* 599 F.Supp. 295 (D.Col. 1984).

The court finds that the defendants' motion presents no controlling question of law about which there could be substantial disagreement. The case cited by defendants, *Beall v. Abbott Laboratories,* 130 F.3d 614 (4th Cir.1997), in fact, confirms both older case law and the general lack of discord among cases. *Beall* required an act sufficient to constitute sexual harassment be alleged to have occurred within the 180–day period. *Id.,* at 620. Earlier cases also required one relevant act to fall within the time limitation. *See, e.g., NAACP Labor Committee of Front Royal, Virginia v. Laborers' Int'l Union of North America,* 902 F.Supp. 688, 706 (W.D.Va.1993); *Ritter v. Dalton,* No. 96–2063, 1997 WL 697181, 1997 U.S.App. LEXIS 30501 (4th Cir. Nov. 7); *White v. Federal Express Corp.,* 729 F.Supp. 1536 (E.D.Va.1990); *Held v. Gulf Oil Co.,* 684 F.2d 427 (6th Cir.1982) (*citing, inter alia, Woodard v. Virginia Board of Bar Examiners,* 420 F.Supp. 211 (E.D.Va.1976), *aff'd,* 598 F.2d 1345 (4th Cir.1979)); *Weide v. Mass Transit Administration,* 628 F.Supp. 247 (D.Md.1985); *Brown v. Waynesboro Nurseries, Inc.,* 1994 WL 470473, *3, (W.D.Va.). There is no legal dispute in the case law. Rather, the defendants dispute the court's conclusion that the touching of the thigh was sufficient in and of itself to constitute a discriminatory act.

Similarly, the defendants raise no legal issues regarding the intentional infliction of emotional distress. They assert simply that the facts were insufficient to allow the claim to continue and disagree with the court's conclusion that *respondeat superior* would bring defendants other than the actual actor, Mr. Rinker, within the purview of Virginia's intentional infliction of emotional distress. There being no legal issue of substantial indeterminacy, the court will decline to certify for interlocutory appeal the order denying the motion to reconsider.