**UNITED STATES ex rel., Karen T. WILSON, Plaintiffs,**

v.

**GRAHAM COUNTY SOIL & WATER CONSERVATION DISTRICT; Graham County; Cherokee County Soil & Water Conservation District; Richard Greene; William Timpson; Keith Orr; Raymond Williams; Dale Wiggins; Gerald Phillips; Allen Dehart; Lloyd Millsaps; Jerry Williams; Billy Brown; Lynn Cody; Bill Tipton; C.B. Newton; and Eddie Wood, Defendants.**

No. CIV.2:01CV19.

United States District Court, W.D. North Carolina, Bryson City Division.

Sept. 19, 2002.

Ben Oshel Bridgers, Haire & Bridgers & Ridenour, Sylva, NC, for Graham County Soil & Water Conserv. Dist.

Scott D. MacLatchie, Womble, Carlyle, Sandridge & Rice, Charlotte, NC, for Graham County Bd. of County Commissioners, Raymond Williams, Dale Wiggins.

R. Scott Lindsay, Hyde, Hoover & Lindsay, Murphy, NC, James C. Gulick, NC Dept. of Justice, Raleigh, NC, James P. Longest, Jr., Special Dep. Atty. Gen., N.C. Dept. of Justice Office of Atty. General, Raleigh, NC, for Cherokee County Soil & Water Conservation Dist., Cherokee County Bd. of Commissioners.

R. Scott Lindsay, Roy H. Patton, Jr., Killian, Kersten, Patton & Kirkpatrick, Waynesville, NC, for Richard Greene, Cherie Greene.

William Timpson, Marble, NC, pro se.

Ronald Cowan, McKeever, Edwards, Davis & Hays, P.A., Murphy, NC, for Ricky Stiles.

Zeyland G. McKinney, Jr., Robbinsville, NC, for Keith Orr, Betty Jean Orr.

Mark R. Melrose, Kimberly C. Lay, Melrose, Seago & Lay, PA, Sylva, NC, for Joyce Lane.

### MEMORANDUM OF OPINION AND CERTIFICATION FOR APPEAL

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the following: motion of Defendants Cherokee County Soil & Water Conservation District (the Cherokee County District), Bill Tipton, Eddie Wood, and C.B. Newton to dismiss, filed July 12, 2002; the motion of Defendants Graham County Soil & Water Conservation District (the Graham County District), Gerald Phillips, Allen Dehart, and Lloyd Millsaps to dismiss, filed July 12, 2002; Defendant Jimmie Orr's

A. Todd Capitano, Bishop, Capitano & Abner, P.A., Charlotte, NC, Mark T. Hurt, Abingdon, VA, Brian S. McCoy, Rock Hill, SC, for Plaintiff.

Paul B. Taylor, U.S. Atty., Asheville, NC, Clifford C. Marshall, Craft, Marshall & Roth, Asheville, NC, for U.S. ex rel.

motion to dismiss, filed July 12, 2002; the motion of Defendants Graham County, Raymond Williams, Dale Wiggins, and Lynn Cody to dismiss, filed July 12, 2002; and Relator Karen Wilson's motion for reconsideration of the Court's dismissal of the retaliation claim or, in the alternative, for certification of the Memorandum and Order filed May 30, 2002, pursuant to 28 U.S.C. § 1292(b), filed July 31, 2002. Responses have been filed and the motions are ready for resolution.

## I. PROCEDURAL HISTORY

On January 25, 2001, Relator Karen Wilson brought a *qui tam* action against Defendants alleging violations of the False Claims Act (FCA), 31 U.S.C. §§ 3729, *et seq.*[1] She further alleged that when she attempted to bring these false claims to light, her supervisor and co-workers retaliated against her, resulting in her constructive discharge in violation of § 3730(h) of the FCA. In the Memorandum and Opinion filed May 30, 2002, the Court denied the motions to dismiss based on municipal immunity as to all Defendants and granted the Relator's motion to amend her complaint. Further, the Court granted the Defendants' motions to dismiss the second cause of action for retaliatory discharge and dismissed the claim with prejudice as to all Defendants. On June 19, 2002, the Relator filed her Second Amended Complaint again alleging violations of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* Defendants then filed their respective motions to dismiss.

## II. DISCUSSION

### A. The Rule 9(b) Motions.

■ Defendants Cherokee District, Tipton, Wood, Newton, Graham District, Phillips, Dehart, and Millsaps have filed motions to dismiss based on Fed.R.Civ.P. 9(b). The Rule states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally." Fed.R.Civ.P. 9(b). A complaint in a *qui tam* action under the FCA must comply with the requirements of Rule 9(b). *See, United States ex rel. Detrick v. Daniel F. Young, Inc.*, 909 F.Supp. 1010, 1018 n. 26 (E.D.Va.1995) (noting that the applicability of Rule 9(b) to *qui tam* actions is well established); *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.*, 755 F.Supp. 1055, 1058 (S.D.Ga.1990) (clarifying Congress' intent to continue to apply Rule 9(b) to FCA actions after the 1986 FCA amendments); *see also, United State ex rel. Robinson v. Northrop Corp.*, 149 F.R.D. 142, 144 (N.D.Ill.1993). To satisfy Rule 9(b), a complaint must plead with particularity the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999) (citations omitted). Other courts have described the requirements as the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F.Supp.2d 141, 147 (D.Mass.2000).

■ Rule 9(b) ensures that defendants have sufficient knowledge of the claims against them in order to prepare an appropriate defense, it protects defendants from

---

1. A *qui tam* action is authorized by the False Claims Act which provides that any person may bring a civil suit for a violation of the Act "for the person and for the United States Government. The action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1).

frivolous suits, it eliminates fraud suits where all of the factual information is learned through discovery, and it protects defendants from injury to their reputation. *See, Blue Cross Blue Shield of Georgia, Inc.,* 755 F.Supp. at 1056–57.

■ A court, however, should be reluctant to dismiss an action pursuant to Rule 9(b) if the court is satisfied that "(1) the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison, supra.* Additionally, Rule 9(b) must be applied together with Fed.R.Civ.P. 8(a), which requires a "short and plain statement of the claim." The Relator, therefore, is required to plead the circumstances of the fraud, but is not required to present all of the evidence or facts supporting the allegations. *See United States ex rel. Franklin v. Parke–Davis, Div. of Warner–Lambert Co.,* 147 F.Supp.2d 39, 46–47 (D.Mass. 2001) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 at 625–26 (2d ed.1990)). When the facts underlying the fraud are within the control of the defendant, for example, the Relator may be permitted under Rule 9(b) to plead the circumstances of the fraud with less precision. *See Boston & Maine Corp. v. Town of Hampton,* 987 F.2d 855, 866 (1st Cir.1993); *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628, 645 (3rd Cir.1989). In this case, the Court finds the Relator has satisfied the Rule 9(b) pleading requirements as to all relevant Defendants.

### 1. Federal Emergency Watershed Protection Program.

■ In her complaint, the Relator describes several instances of alleged fraud under the Emergency Watershed Protection Program for Graham, Cherokee and Clay Counties (hereinafter, EWP–216).

The alleged false claims under EWP–216 involve Defendants Graham County Board, Graham County, Williams, Cherokee County Board, Cherokee County. Relator contends that these Defendants knowingly issued and approved improper payments for work that was not performed, not approved of, or performed improperly or secretly. These allegations meet the requirements of Rule 9(b) in terms of time, place, and contents of the false representation, as well as the identity and advantage gained by the perpetrator. As for the time requirement, Relator has presented a sufficiently narrow time period during which the alleged misrepresentations took place. She has given specific dates on which requests for payments were made and checks were issued. Relator sufficiently addressed the place requirement by detailing the specific meetings and offices in which the allegedly false claims were made. Further, Relator adequately describes the contents of the false representations. She specifically addresses claims that were made for work not performed, improper claims that were approved, and secret and unapproved work that was performed in order to make fraudulent claims for payment. She then identifies, by name, each Defendant involved in the EWP–216 fraud and explains his role.

■ The Relator is not as specific in explaining what benefit each Defendant gained by committing fraud. She describes the motive as "to curry political and personal favor from the individual recipients of the ill-gotten funds and their family, friends and associates and thereby did obtain and enjoy such personal and political gain." Second Amended Complaint, filed June 19, 2002, ¶ 31(*o*). While the allegation is made in general terms, it is sufficient to defeat a motion to dismiss. As Relator properly pled, both the motive and benefit gained are the type of informa-

tion that is in the exclusive control of each Defendant. Under these circumstances, the Relator is not required to plead these allegations any more specifically. *See Boston & Maine Corp., supra.* The Relator's complaint regarding EWP–216, therefore, is pled with sufficiently specific allegations and meets the requirements for Rule 9(b). The Defendants' motions to dismiss are therefore denied.

### 2. Farm Services Agency Program

 In her complaint, Relator describes false claims made under the Farm Services Agency Programs (hereinafter, FSA); Defendants Graham County, the Graham County Board and Phillips have moved to dismiss these claims. These allegations also meet the requirements of Rule 9(b) in terms of time, place, and contents of the false representation, as well as the identity and advantage gained by the perpetrator. Relator meets the time requirement, by specifying the month and year of each false claim. She then adequately fulfills the place requirement by specifying the county and office in which the events occurred. Relator then explains the contents of the false representations by describing a Trout Waste Storage Structure and a Waste Storage Structure that were paid for with government funds. These structures were built and payment was approved despite the allegations that the projects did not meet the prerequisites for the funding. Finally, Relator alleges that the relevant Defendants received "personal and political gain" as a result of the false claims. This statement is sufficient for Rule 9(b) purposes. It gives Defendants proper notice of the alleged facts of the case and allows them to begin to prepare a defense. *See Harrison,* 176 F.3d at 784. The Second Amended Complaint, therefore, satisfies Rule 9(b) with respect to the FSA false claims and these Defendants, and the motions are denied.

### 3. Other False Claims Act Violations

 Relator makes further, general allegations of violations of the FCA in her complaint. *See,* Second Amended Complaint, Sections C and D, ¶¶ 39–69. These allegations are too general in nature to satisfy Rule 9(b). Relator fails to state the FCA claims to any degree of particularity. She does not indicate the time, place or content of any false claims. Further, it is unclear from these sections of the complaint what precisely the false claims are. Because of Relator's failure to specify her allegations in these sections of the complaint, any claims contained in Sections C and D of the complaint are dismissed.

## B. Rule 12(b)(6) Motions

Defendants Cherokee District, Tipton, Wood, Newton, Graham District, Phillips, Dehart, Millsaps, Graham County, Williams, Wiggins and Cody have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

The purpose of a Rule 12(b)(6) motion is to test the adequacy of a complaint. It does not resolve arguments regarding the facts, merits of the claims or the possible defenses. *See Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). When deciding a motion to dismiss for failure to state a claim, the Court must "accept the factual allegations in the plaintiff's complaint and must construe those facts in the light most favorable to the plaintiff.... [Dismissal is appropriate] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Flood v. New Hanover County,* 125 F.3d 249, 251 (4th Cir.1997). "To survive a motion under Fed.R.Civ.P. 12(b)(6), a complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence

and which, if proven, will justify some form of relief." Shepard's, *Motions in Federal Court*, § 5.123, at 366 (2d ed.1991). If "relief could be granted under any set of facts that could be proved consistent with the allegations," the motion must be denied. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■■■■ The FCA provides:

Any person who:

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; or

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid ...

is liable to the United States Government for a civil penalty.

31 U.S.C. § 3729(a). The test for liability under the FCA is "(1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due." *Harrison*, 176 F.3d at 788. This test should be construed broadly. The FCA is " 'intended to reach all types of fraud, without qualification, that might result in financial loss to the Government.... [T]he Court has consistently refused to accept a rigid, restrictive reading [of the Act].' " *Id.* (quoting *United States v. Neifert–White Co.*, 390 U.S. 228, 233, 88 S.Ct. 959, 19 L.Ed.2d 1061 (1968)).

**1. EWP–216 and FSA Claims**

■■■■ Relator's EWP–216 and FSA allegations are sufficient to survive the 12(b)(6) motions. Relator outlines several instances involving false statements or claims that resulted in the improper payment of government money. Further, she alleges the appropriate scienter and addresses the issue of materiality. In construing the facts in the light most favorable to the Realtor, as the Court must do at this stage of litigation, she has successfully stated a claim against most of the Defendants. Specific Rule 12(b)(6) arguments that were made by individual Defendants are addressed below.

**2. Injury in Fact**

■■■■ Defendants Graham County, Williams, Wiggins, and Cody argue that the Relator failed to state a claim because she did not establish an injury in fact suffered by the government and she did not show how these Defendants personally benefitted from the claims. First, injury in fact is not a required element for an FCA claim. *See, id.*, at 785 n. 7 ("In fact, there is no requirement that the government have suffered damages as a result of the fraud."). Relator, therefore, was not required to show injury in fact in her complaint. Second, Relator alleges that these Defendants did gain personal benefit from the false claims. They received "personal and political gain" from these acts. This wording is sufficient to survive a 12(b)(6) motion to dismiss and, therefore, the motions are denied.

**3. Individual Capacity**

■■■■ Defendants Newton, Tipton and Wood argue that any claim against them in their individual capacity should be dismissed under Rule 12(b)(6). After careful consideration, the Court agrees. Individual liability under the FCA must be pled with specificity and cannot be based exclusively on inserting the words "individual capacity" into the complaint. *See Lizzi v.*

*Alexander,* 255 F.3d 128, 136–37 (4th Cir. 2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 812, 151 L.Ed.2d 697 (2002) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). Any specific claim of individual liability must meet the requirements of Rule 12(b)(6).

■■■ Here, Relator Wilson has failed completely to allege that Defendants Newton, Tipton, and Wood, as individuals, did anything in violation of the FCA. Their names are not included in any part of the factual allegations of the complaint. The mere incantation of the term "individual capacity" is not sufficient to state a claim against these individuals. *See, id.,* at 137. The claims against these Defendants in their individual capacities, therefore, are dismissed pursuant to Rule 12(b)(6). However, the Realtor's claims against these Defendants in their official capacities remain.

### 4. Conspiracy Claim

■■■ Defendant Phillips moves to dismiss the conspiracy claim made against him pursuant to Rule 12(b)(6). Section 3729(a)(3) of the FCA provides that liability shall attach to any person who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(3). General civil conspiracy principles apply to conspiracy claims under the FCA. *See, United States ex rel. Durcholz v. FKW, Inc.,* 189 F.3d 542, 546 n. 3 (7th Cir.1999). "The essence of a conspiracy under the Act is an agreement between two or more persons to commit a fraud." *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Provident Life & Accident Ins. Co.,* 721 F.Supp. 1247, 1259 (S.D.Fla.1989) (citing *Blusal Meats Inc. v. United States,* 638 F.Supp. 824, 828 (S.D.N.Y.1986)). To allege civil conspiracy, the Relator must plead that the Defendants made an agreement to commit an illegal act, resulting in the Relator's injury. Specifically, the Relator must show: "(1) that the defendant conspired with one or more persons to get a false or fraudulent claim allowed or paid by the United States; [and] (2) that one or more conspirators performed any act to effect the object of the conspiracy." *See, United States, ex rel. Wilkins v. North American Constr. Corp.,* 173 F.Supp.2d 601, 639–40 n. 33 (S.D.Tex.2001) (citations omitted); *see also, Thomas v. City of New Orleans,* 687 F.2d 80, 83 (5th Cir.1982) (citations omitted). The Relator is not required to show specific damages from the injury. *See, Harrison,* 176 F.3d at 785 n. 7.

■■■ In her complaint, Relator Wilson alleges that Defendant Phillips conspired with other members of the Graham County Board to discuss payment of Keith Orr's false claims. Relator identifies one meeting held in furtherance of this conspiracy. She also identifies one payment to Keith Orr that could have been the result of this meeting. Taking these allegations as true, as the Court must do at this point, Relator has sufficiently stated a claim of conspiracy under Rule 12(b)(6). Defendant's motion to dismiss is therefore denied.

### C. Relator's Motion for Reconsideration of Retaliation Claim Ruling or, in the Alternative, Motion for 28 U.S.C. § 1292(b) Certification of Order

■■■ Relator Wilson has moved for the Court to reconsider its earlier ruling dismissing her retaliation claim as time-barred in light of a new decision from the Eastern District of Virginia. *See, Storey v. Patient First Corp.,* 207 F.Supp.2d 431 (E.D.Va.2002). After careful consideration, this Court declines to adopt that Court's ruling. Applying the standard outlined in *Lujan,* the applicable statute of

limitations in an FCA retaliation claim is taken from the most analogous state statute. *See, United States ex rel. Lujan v. Hughes Aircraft Co.*, 162 F.3d 1027 (9th Cir.1998). North Carolina's statute of limitations for wrongful discharge is three years from the date of discharge. *Renegar v. R.J. Reynolds Tobacco Co.*, 145 N.C.App. 78, 79, 549 S.E.2d 227, 229, *review denied*, 354 N.C. 220, 554 S.E.2d 344 (2001). This statute of limitations will apply to retaliation claims under § 3730(h) of the FCA. Because she filed her retaliation claim more than three years after her discharge, Relator's retaliation claim is time-barred.

■■■ The Court, however, finds that this issue is proper for an immediate appeal and certification under 28 U.S.C. § 1292(b). In order to grant certification under § 1292(b), a district court must find that the order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ...." 28 U.S.C. § 1291(b). "[A] question is controlling if its incorrect disposition would require reversal of a final judgment for further proceedings." *State ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 852 (E.D.N.C.1995). The decision of whether to certify an order for interlocutory appeal is within the discretion of the district court. *See, Young v. Sheetz, Inc.*, 998 F.Supp. 670, 673 (W.D.Va.1998).

Here, the controlling question of law is the proper statute of limitations for a retaliatory discharge claim under the FCA. There is a difference of opinions among circuit courts. *See, Lujan*, 162 F.3d at 1035 (9th Circuit holding that the statute of limitations for retaliatory discharge claims under the FCA is the same as the most analogous state statute); *Neal v. Honeywell, Inc.*, 33 F.3d 860, 866 (7th Cir.1994) (holding that the statute of limitations for all FCA claims, including retaliatory discharge, is six years). If the proper statute of limitations is taken from the most analogous state statute, then it would be three years under a North Carolina wrongful discharge claim and the Relator's claim is time-barred. If the proper statute of limitations is six years, then the Relator's claim is timely. Resolving this issue at this point in the litigation will potentially prevent duplicative litigation at a later date. Pursuant to § 1292(b), the Court is of the opinion that the ruling dismissing the Relator's retaliatory discharge claim as time-barred involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The motion for certification for appeal on the issue of the proper statute of limitations for the retaliatory discharge claim under the FCA is therefore granted.

### D. Motion to Dismiss by Defendant Jimmie Orr

■■■ On July 12, 2002, the Defendant Jimmie Orr filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim. He is not named as a Defendant in the Relator's Second Amended Complaint; the Relator eliminated Defendant Orr from this action when she amended her complaint and did not make any allegations against him. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a)." *Moore's Federal Practice 3d*, § 41.21[2] (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir.1995)). Because Jimmie Orr is no longer a party to this action, he lacks standing to seek dismissal and his motion to dismiss is denied as moot.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the motions to dismiss filed July 12, 2002, by Defendants Cherokee District, Tipton, Wood, Newton, Graham District, Phillips, Dehart, and Millsaps pursuant to Fed. R.Civ.P. 9(b) are hereby **DENIED** as to the Relator's claims pertaining to the Federal Emergency Watershed Protection Program and the Farm Services Program; the motions are **ALLOWED** as to the Relator's remaining claims contained in Sections C and D of the Second Amended Complaint and such claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the motions to dismiss filed July 12, 2002, by Defendants Cherokee District, Tipton, Wood, Newton, Graham District, Phillips, Dehart, Millsaps, Graham County, Williams, Wiggins and Lynn Cody pursuant to Fed.R.Civ.P. 12(b)(6) are hereby **DENIED**, except that the motion of Newton, Tipton and Wood to dismiss Relator's claims against them in their individual capacities is **ALLOWED,** and such claims are hereby **DISMISSED WITH PREJUDICE.** The Relator's claims against these individual Defendants in their official capacities remain.

**IT IS FURTHER ORDERED** that the separate motion to dismiss filed by Jimmie Orr pursuant to Fed.R.Civ.P. 12(b)(6) is hereby **DENIED** as moot as he is no longer a party to this action.

**IT IS FURTHER ORDERED** that the Relator's motion for reconsideration of the dismissal of her claim for retaliation is hereby **DENIED.** Alternatively,

**IT IS FURTHER ORDERED** that the Relator's motion for certification of the Memorandum and Order of May 30, 2002, pursuant to 28 U.S.C. § 1292(b) is hereby **ALLOWED,** and the issue of the proper statute of limitations for a retaliatory discharge claim under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, is hereby certified for interlocutory appeal.