**George H. CONANT, Jr., et al.**

**v.**

**Vern L. HILL, Comm. D.M.V., et al.**

**Civ. A. No. 609–70–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

May 3, 1971.

**26**

John C. Lowe, Robert P. Dwoskin, F. Guthrie Gordon, III, Charlottesville, Va., for plaintiffs.

Andrew P. Miller, Atty. Gen. of Virginia, Anthony F. Troy, A. R. Woodroof, Asst. Attys. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiffs in the above styled action seek relief from that portion of Va. Code Ann. 46.1–368(b) (1970 Cum. Supp.), which requires that an application for a driver's license shall contain, among other things, the applicant's social security number. The defendants are Vern L. Hill, Commissioner of the Division of Motor Vehicles, (D.M.V.), and J. B. Warfield, Director, Bureau of Operators' Licenses, D.M.V. A temporary restraining order was previously denied due to the inability of the plaintiffs to show they were suffering irreparable harm.

The defendants moved to strike certain paragraphs of the complaint and for a more definite statement. A motion to dismiss the action pursuant to Fed.R.Civ.P. 12(b) (6), 28 U.S.C., is also pending.

■ In that plaintiffs sought injunction of § 46.1–368(b) on constitutional grounds, a motion for convening of a three-judge court was made. 28 U.S.C. § 2281. This Court held, however, that the issue raised was insubstantial, and the motion was denied. This ruling had the effect of granting the defendants'

motion to dismiss as to those issues triable only by a three-judge court. Conant v. Hill, Civil Action No. 609–70–R, mem. decis. (E.D.Va., Mar. 17, 1971). At that time, the Court declined to rule on the other phase of defendants' motion to dismiss, which goes to plaintiffs' allegation that the requirement of furnishing social security numbers under § 46.1–368(b) contravenes federal law. The Court therefore addresses itself to the pending motions.

The facts are undisputed. The plaintiffs are all residents of Virginia who either will have to furnish their social security numbers in order to obtain driver's licenses or to renew their licenses received prior to institution of the requirement, or who wish to have the numbers previously furnished by them removed from their licenses and files. They contend that § 46.1–368(b) is preempted by 42 U.S.C. § 1306 and 20 C.F. R. 401.1 et seq., which, so they allege, prohibit the Social Security Administration and its employees and agents from disclosing any information about a person's social security account, including the number.

The motion to dismiss under § 12(b) (6) is treated as one for summary judgment under Fed.R.Civ.P. 56, 28 U.S.C.

■ First, even if the federal statutes are to be construed as the plaintiffs contend, § 46.1–368(b) does not violate them. In order for a potential driver to obtain a Virginia driver's license he, the driver, must furnish his social security number to D.M.V. The statutes refer to the Social Security Administration, its employees and agents as being prohibited from disclosing any information about a person's social security account, not the holder of a social security card. Thus the statutes, on their face, are not in conflict, thereby completely eroding the argument that the federal statutes specifically pre-empt § 46.1–368(b). The Court has previously held that § 46.1–368(b) does not bring about a constitutional deprivation of privacy. Conant v. Hill, *supra.*

However, the plaintiffs also argue that the federal interest in Social Security administration is so pervasive as to leave no room for any statutory legislation on the subject, unless by specific authorization by federal law, of which admittedly there is none.

Prior to a holding that a state is pre-empted from passing legislation on a particular subject, three things must be present:

(1) The scheme of federal regulation must be so pervasive as to make reasonable the inference that the Congress left no room for the states to supplement it;

(2) The federal statutes touch a field in which the federal interest is so dominant that the federal system must be assumed to preclude enforcement of state laws on the same subject;

(3) Enforcement of the state act presents a serious danger of conflict with the administration of the federal program. See Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956).

[4] The answer to whether the social security laws are so pervasive as to preclude a request by the Commonwealth of Virginia that a driver furnish his social security number before being licensed to drive is contained in a statement by the Hon. Elliot L. Richardson, Secretary of Health, Education and Welfare, to the Subcommittee on Constitutional Rights of the Committee on the Judiciary, United States Senate, 92nd Cong., 1st Sess., at hearings on Computers, Data Banks and the Bill of Rights, March 15, 1971. Therein he stated that even though the Social Security Administration's general policy is to not encourage non-federal use of social security numbers, "[i]t is not illegal for a non-Federal organization to use the social security number in its record keeping system. Such use in and of itself involves no disclosure of information, and thus does not involve a breach of Federal law or regulation."

When faced with a problem of statutory construction great deference is to be given to the interpretation of a particular statute by the officers or agency charged with its administration. So long as that interpretation is a reasonable one, it must be sustained. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). Since the federal statutes do not specifically preclude a state from requiring the furnishing of social security numbers for a purpose such as that required by Virginia, the Secretary's interpretation must be deemed reasonable. Therefore, the Court has no alternative but to hold that federal law is not so pervasive as to preclude the type of state legislation as the Court now has before it.

Hence, the motion for summary judgment by the defendants will be granted. The disposition of that motion makes it unnecessary to consider the other pending motions.

An appropriate order will enter.