Carroll B. STOIANOFF,
Plaintiff–Appellant,

v.

The COMMISSIONER OF THE DE-
PARTMENT OF MOTOR VEHI-
CLES, Defendant–Appellee.

No. 00–9090.

United States Court of Appeals,
Second Circuit.

May 25, 2001.

Carroll B. Stoianoff, Briarcliff Manor, NY, pro se.

Ellen M. Fitzgerald, Assistant Attorney General of the State of New York, New York, NY; Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, Marion R. Buchbinder, Assistant Solicitor General, on the brief, for appellee.

Present FEINBERG, GRAAFEILAND and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Carroll B. Stoianoff ("Stoianoff") appeals the entry of judgment in favor of defendant-appellee the Commissioner of the Department of Motor Vehicles ("Commissioner") by the district court (McMahon, *J.*) following its grant of the Commissioner's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). We find no error and therefore affirm for substantially the reasons stated by the district court.

■ Stoianoff's Freedom of Information Act ("FOIA") claim cannot stand because "it is beyond question that FOIA applies only to federal and not state agencies." *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 484 (2d Cir.1999). Assuming *arguendo* the existence of a private right of action under the Privacy Act, 5 U.S.C. § 552a, Stoianoff's Privacy Act claim fails nonetheless because the Social Security Act expressly authorizes states to require the disclosure of social security numbers in the administration of driver's license programs, *see* 42 U.S.C. § 405(c)(2)(C)(i), and provides that any federal law that conflicts with this section is "null, void, and of no effect" as of October 1976, *see* 42 U.S.C. § 405(c)(2)(C)(v).

■ Stoianoff fails to state a claim that New York's Vehicle and Traffic Law § 502 violated his First Amendment right to free speech because he did not identify any constitutionally-protected conduct abridged by § 502 or demonstrate that § 502 is unconstitutional on its face. *See generally Marchi v. Bd. of Coop. Educ. Servs.,* 173 F.3d 469, 474–80 (2d Cir.1999). Likewise, Stoianoff's claim that § 502 violates his right under the Free Exercise Clause of the First Amendment fails because § 502 is facially neutral and does not evidence an antagonism by the legislature toward religion in general or a particular religious belief. *See Employment Div. v. Smith,* 494 U.S. 872, 877–88, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990).

■ Stoianoff's claim under the Privileges and Immunities Clause of Article IV cannot stand because that clause does not permit individuals to pursue actions against their own States. *See Zobel v. Williams,* 457 U.S. 55, 59 n. 5, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982). Further, Stoianoff's Fourth Amendment claim is meritless because his allegation that disclosure of his social security number violates his right to privacy must be brought under the Fourteenth Amendment, not the Fourth Amendment. *See Whalen v. Roe,* 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977).

■ Finally, Stoianoff's Fourteenth Amendment claims are meritless because he does not allege that disclosure of his social security number would "restrict his freedom of action in a sphere contended to be 'private,'" *Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *see also McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir.1980) ("[T]he contention that disclosure of one's social security account number violates the right to privacy has been consistently rejected . . . ."), nor does he allege that there are questions of fact requiring an evidentiary hearing, *see Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam).

Because Stoianoff failed to state a viable federal claim, we affirm the district court's decision to decline to exercise pendent jurisdiction over his remaining state claims. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349–50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

We have considered Stoianoff's remaining arguments and find them to be without merit. For the reasons discussed above, the judgment of the district court is hereby AFFIRMED.