Yvonne JACKSON, Plaintiff,

v.

BLUE DOLPHIN COMMUNICATIONS OF NORTH CAROLINA, L.L.C.; American Media Services, Inc.; Edward F. Seeger; Alesa Peace; and Harold Greene, Defendants.

No. CIV. 1:02CV109.

United States District Court,
W.D. North Carolina,
Asheville Division.

Oct. 8, 2002.

Paul Louis Bidwell, Asheville, NC, Matthew C. Billips, Miller, Billips & Ates, P.C., Atlanta, GA, for plaintiff.

Chase B. Saunders, Robyn W. Madden, McNair Law Firm, P.A., Charlotte, NC, for defendants.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, a motion for a more definite statement pursuant to Rule 12(e), filed July 15, 2002; Defendants' motion for sanctions, filed July 15, 2002; and Plaintiff's motion for sanctions, filed August 2, 2002. Responses have been filed and the motions are ready for resolution.

## I. PROCEDURAL HISTORY

On May 3, 2002, Plaintiff Jackson brought an action against Blue Dolphin Communications of North Carolina, L.L.C. (hereinafter Blue Dolphin), American Media Services, L.L.C. (AMS), Edward F. Seeger, Alesa Peace, and Harold Green alleging unlawful racial discrimination in violation of both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; unlawful conspiracy to deprive Plaintiff of federally protected rights in violation of 42 U.S.C. § 1985(2); intentional infliction of emotional distress; termination of employment in violation of public policy; civil conspiracy; and obstruction of justice.

## II. DISCUSSION

In ruling on a motion to dismiss for failure to state a claim, the Court must "accept the factual allegations in the plaintiff['s] complaint and must construe those facts in the light most favorable to the plaintiff[ ].... [Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Flood v. New Hanover County,*

125 F.3d 249, 251 (4th Cir.1997); Shepard's, *Motions in Federal Court,* § 5.124, at 367 (2d ed.1991). "To survive a motion under Fed.R.Civ.P. 12(b)(6), a complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some form of relief." *Id.,* § 5.123, at 366. If "relief could be granted under any set of facts that could be proved consistent with the allegations," the motion must be denied. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Rule 12(b) authorizes dismissal based on a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hishon, supra; Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law 'it is clear that no relief could be granted under any set of facts ..., a claim must be dismissed, without regard to whether it is based on outlandish legal theory....' What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations.

*Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827 (quoting *Hishon, supra* ). For the limited purpose of ruling on Defendants' motion, the Court has accepted as true the facts alleged by Plaintiff in the complaint and will view them in a light most favorable to her.

## A. 42 U.S.C. § 1981 Claim

■ An individual may bring a claim under 42 U.S.C. § 1981 when certain of her rights are violated based on her race. By statute, these rights include the right to make and enforce contracts, the right to sue, and the right to give evidence. *See* 42 U.S.C. § 1981(a). For a plaintiff to state a claim under 42 U.S.C. § 1981, she must plead facts showing "(1) [she] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2nd Cir.1993).

■ In the present case, Plaintiff has satisfied her burden under Rule 12(b)(6). First, in her complaint, she states that she is black. Second, she alleges that the Defendants terminated her employment because of her race. Third, she alleges that the discrimination concerned her continued employment, which is considered a contract and protected under 42 U.S.C. § 1981. *See Johnson v. Railway Express,* 421 U.S. 454, 460, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (holding that § 1981 applies to private employment).

■ Defendants have argued that Plaintiff's claim should be dismissed because it fails to set out a *prima facie* case of employment discrimination. The Supreme Court has recently addressed this specific issue. The Court held that to survive a Rule 12(b)(6) motion in an employment discrimination claim, the plaintiff is not required to plead all of the facts necessary to establish a *prima facie* case. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514–15, 122 S.Ct. 992, 999, 152 L.Ed.2d 1 (2002) (holding that there is no heightened pleading standard for employment discrimination suits). Plaintiff is required to plead only a " 'short plain statement of the claim showing that pleader is entitled to relief.' " *Id.,* at 507, 122 S.Ct. at 995 (quoting Fed.R.Civ.P. 8(a)(2)). Here, Plaintiff's com-

plaint alleges the essential elements of a claim under 42 U.S.C. § 1981, showing that she may be entitled to relief. Defendants' motion to dismiss is denied.

### B. Title VII Claim

 In her complaint, Plaintiff alleges that Defendant Blue Dolphin discriminated against her, based on her race, regarding the terms and conditions of her employment, in violation of Title VII of the Civil Rights Act of 1964. Before a federal court may assume jurisdiction over a claim brought under Title VII, the claimant must exhaust all administrative procedures outlined in 42 U.S.C. § 2000e–5(b). *See Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 137 (4th Cir.1995). To fulfill this jurisdictional prerequisite a complainant must first file a charge with the Equal Employment Opportunity Commission (EEOC). The EEOC then investigates the charges and issues a right-to-sue letter based upon the findings of its investigation. *Cooper v. Virginia Beach Fire Dept.*, 199 F.Supp.2d 451, 454 (E.D.Va. 2002). An individual must obtain a right-to-sue letter from the EEOC before bringing a Title VII claim in federal court. *See Davis*, 48 F.3d at 138 (quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 104–05, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)). Until the EEOC has issued a right-to-sue letter, the federal court lacks jurisdiction. *Id.*

 In the case at bar, the Plaintiff has failed to produce the right-to-sue letter. In her complaint, Plaintiff notes that she will supplement her complaint with the right-to-sue letter "upon receipt thereof," but she has failed to do so.[1] Until Plaintiff provides a copy of the right-to-sue letter,

this Court lacks jurisdiction to consider her claim under Title VII.

### C. Conspiracy Claim under 42 U.S.C. § 1985(2)

In her complaint, Plaintiff alleges that the Defendants conspired to retaliate against Jackson because she refused to sign an affidavit that contained false information. The affidavit was to be used in an unspecified legal proceeding involving a former employee of Blue Dolphin. Plaintiff alleges that the Defendants' actions violated 42 U.S.C. § 1985(2), which is intended to prevent obstruction of justice.

 Conspiracy to obstruct justice under 42 U.S.C. § 1985(2) occurs when "[t]wo or more persons conspire to injure [a] party or witness in [her] person or property" in retaliation for that person testifying in any court of the United States. 42 U.S.C. § 1985(2). An essential element in proving such a conspiracy is to show an agreement or a " 'meeting of the minds by defendants to violate the claimant's constitutional rights.' " *Lewin v. Cooke*, 95 F.Supp.2d 513, 525 (E.D.Va. 2000), *aff'd*, 28 Fed.Appx. 186 (4th Cir. 2002) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir.1995)). The Fourth Circuit has specifically rejected § 1985(2) claims "whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting fact." *Simmons*, 47 F.3d at 1377; *see also, Davis v. Hudgins*, 896 F.Supp. 561, 570–71 (E.D.Va.1995), *aff'd*, 87 F.3d 1308, 1996 WL 327205 (4th Cir.1996) (granting defendant's 12(b)(6) motion because plaintiff's allegation of conspiracy was too conclusory and failed to allege a meeting of the minds).

---

1. The complaint also contains reference to Exhibits 1 and 2 (charge of discrimination filed with the EEOC and the EEOC's finding of "reasonable cause") attached thereto; however, no such exhibits are attached to the complaint. *See* Complaint, at 7. The Plaintiff has also failed to produce them in any subsequent pleadings.

Here, Plaintiff has made general and conclusory statements regarding the conspiracy. She has failed to provide any specific evidence of a plan or of the conspiracy itself. There is nothing in the complaint indicating that there was any agreement among the Defendants to ask Plaintiff to sign an untruthful affidavit and to retaliate against her if she refused. Simply, a meeting of the minds, an essential element of conspiracy, was not pleaded. Without this element, Plaintiff fails to state a claim under 42 U.S.C. § 1985(2) and Defendants' motion to dismiss will be allowed.

### D. Civil Conspiracy: State Law Claims

A cause of action for a civil conspiracy under North Carolina law is really an action for damages caused by acts in furtherance of the conspiracy and not for the conspiracy itself. *Johnson v. Beverly–Hanks & Assoc., Inc.,* 97 N.C.App. 335, 343, 388 S.E.2d 584, 588–89 (1990) (noting that there is no cause of action for civil conspiracy unless the conspiracy results in damage to plaintiff); *see also, Dalton v. Camp,* 135 N.C.App. 32, 42, 519 S.E.2d 82, 89 (1999) (noting that there is no civil conspiracy cause of action per se). A claim for civil conspiracy requires showing "an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way that results in damages to the claimant." *Id.,* at 42, 519 S.E.2d at 89 (citations omitted). The claimant must also prove that an "overt act" was committed by at least one conspirator in furtherance of the conspiracy. *Dickens v. Puryear,* 302 N.C. 437, 456, 276 S.E.2d 325, 337 (1981). Once the elements of a civil conspiracy are established, all conspirators are jointly and severally liable for damages resulting from an act performed by any one of them in furtherance of the conspiracy. *Fox v. Wilson,* 85 N.C.App. 292, 301, 354 S.E.2d 737, 743 (1987).

In the present case, the Plaintiff has failed to allege any facts that support an agreement among the Defendants. Her allegation that Defendants "conspired" is conclusory and relies only upon suspicion and conjecture. Because of the conclusory nature of the allegation, the Plaintiff has failed to state a claim upon which relief may be granted. The Defendants' motion to dismiss this claim is granted and the Plaintiff's claim is dismissed without prejudice.

On review of the pleadings in this case, there is some confusion as to whether Plaintiff is asserting a claim for civil conspiracy to commit perjury. It is well established by North Carolina courts that there is no cause of action for civil conspiracy to commit perjury. *Henry v. Deen,* 61 N.C.App. 189, 196, 300 S.E.2d 707, 711 (1983), *rev'd on other grounds,* 310 N.C. 75, 310 S.E.2d 326 (1984); *Brewer v. Carolina Coach Co.,* 253 N.C. 257, 260–61, 116 S.E.2d 725, 727 (1960). This Court finds, however, that the conspiracy claim here is not one for conspiracy to commit perjury, but rather a conspiracy to retaliate against Plaintiff when she refused to commit perjury and to terminate her employment. Any claim of conspiracy to commit perjury would be dismissed under Rule 12(b)(6).

### E. Termination in Violation of Public Policy

Plaintiff alleges that she was terminated from her employment in violation of North Carolina public policy pursuant to the North Carolina Equal Employment Protection Act (NCEEPA), N.C. Gen.Stat. § 143–422. She alleges that she was terminated because of her race and her refusal to sign a false affidavit. Defendants argue that there is no private right of action under NCEEPA; even if there is, Plaintiff's termination allegedly based on her refusal to sign a false affidavit does

not fall into the public policy exception of North Carolina's employment at will doctrine. Defendants do not specifically address Plaintiff's claim of racial discrimination in violation of public policy.

■■■■■ North Carolina law adheres strictly to the doctrine of employment at will. Under this doctrine, an employee may be discharged for any reason or for no reason. *Coman v. Thomas Mfg. Co., Inc.,* 325 N.C. 172, 175, 381 S.E.2d 445, 446 (1989). North Carolina courts have, however, recognized a limited exception to the employment at will doctrine. This exception protects employees who are terminated from their jobs in violation of public policy. At a minimum, "public policy is violated when an employee is fired in contravention of express policy declarations contained in the North Carolina General Statutes." *Amos v. Oakdale Knitting, Co.,* 331 N.C. 348, 353, 416 S.E.2d 166, 169 (1992). The relevant public policy in this case is the NCEEPA, which states that prohibiting employment discrimination based on race is "the public policy of this State." N.C. Gen.Stat. § 143–422.2 (2001).

■■■■ Defendants are correct in asserting that there is no outlined private right of action under the NCEEPA. Further, no cause of action under the NCEEPA has been recognized by the North Carolina Supreme Court or the North Carolina Court of Appeals. *See* N.C. Gen.Stat. § 143–422.2; *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir.2000) (evaluating state law claim and finding none·existed under NCEEPA). Plaintiffs, however, can properly allege a wrongful discharge in violation of public policy, with that public policy being the anti-discrimination policy of the NCEEPA. *Mumford v. CSX Transp.,* 878 F.Supp. 827 (M.D.N.C.1994), *aff'd,* 57 F.3d 1066, 1995 WL 352576 (4th Cir.1995). A wrongful discharge claim, based on a violation of public policy, is a common law alternative

to the statutory remedies intended to protect employees from discrimination. *See Amos, supra,* at 357, 416 S.E.2d at 172.

In the current case, Plaintiff has properly pled a claim for wrongful discharge in violation of public policy. To properly plead a wrongful discharge case, Plaintiff must identify a state public policy and then allege that she was discharged in violation of that policy. *See generally, Considine v. Compass Group USA, Inc.,* 145 N.C.App. 314, 321, 551 S.E.2d 179, 183 (2001) (giving examples of properly pled allegations under various state public policies). Here, Plaintiff alleges that she was discharged from her employment, based on her race, in violation of the public policy that prohibits discrimination based on race, as stated in the NCEEPA.

Plaintiff further alleges that she was terminated from her employment because she refused to sign a false affidavit and that such termination was in violation of public policy. Defendants counter that she was not terminated for this reason and even if she were, such actions would not violate public policy. Defendants contend that Plaintiff must actually testify in court in order to state a proper claim of retaliation.

The public policy exception to employment at will in North Carolina was first recognized in *Sides v. Duke University,* 74 N.C.App. 331, 328 S.E.2d 818 (1985). In *Sides,* a nurse was terminated from her employment after she refused to testify falsely in a medical malpractice suit. The court held that such a termination was unlawful, stating "no employer in this State, notwithstanding that an employment is at will, has the right to discharge an employee ... because he refuses to testify untruthfully or incompletely in a court case." *Id.,* at 342, 328 S.E.2d at 826. The rationale behind this exception is that "the law must encourage and not discour-

age truthful testimony." *Williams v. Hillhaven Corp.*, 91 N.C.App. 35, 40, 370 S.E.2d 423, 426 (1988). While the North Carolina courts have limited the expansion of the public policy exception, the *Sides* exception has been repeatedly recognized. *Id.; Caudill v. Dellinger*, 129 N.C.App. 649, 501 S.E.2d 99 (1998); *Considine, supra*.

In the current case, Plaintiff claims that she was terminated for refusing to sign a false affidavit to be used in a future court proceeding. This allegation falls into the public policy exception of employment at will. Signing a false affidavit, under the alleged circumstances, would violate North Carolina General Statute § 14–209, which prohibits perjury. Such an offense is just the type that the *Sides* court meant to eliminate. This statute is a public policy of North Carolina on which Plaintiff properly relies.

Defendants rely on *Daniel v. Carolina Sunrock Corp.*, to argue that Plaintiff fails to state a claim because she did not actually testify in a court proceeding. *See, Daniel v. Carolina Sunrock Corp.*, 335 N.C. 233, 436 S.E.2d 835 (1993) (adopting dissenting opinion of lower court, 110 N.C.App. 376, 384, 430 S.E.2d 306, 311 (1993)). This reliance, however, is misplaced. In *Daniel*, the court eventually granted summary judgment for the defendant. However, the court found that the defendant did not encourage the plaintiff to commit perjury or to testify in any manner other than truthfully. Further, the court noted that "it is immaterial whether plaintiff actually testified." *Id.*, at 384, 430 S.E.2d at 311. In the current case, the Plaintiff alleges that the Defen-

dants repeatedly encouraged her to sign a false affidavit, thereby asking her to testify untruthfully. When she refused to sign the false statement, she was dismissed from her job. As in *Daniel*, it is immaterial whether she actually testified. Taking Plaintiff's allegations as true, which the Court must do with a Rule 12(b)(6) motion,[2] she has sufficiently stated a claim for wrongful termination. Defendants' motion to dismiss, therefore, is denied.

## F. Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants intentionally inflicted emotional distress upon her, resulting in a loss of status in her community, damage to her professional reputation, and mental and emotional distress. Defendants argue that Plaintiff has failed to allege sufficiently outrageous conduct or that Defendants intended to cause Plaintiff severe emotional distress.

Under North Carolina law, in order to state a proper claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant engaged in "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause, (3) severe emotional distress in another." *Dickens*, 302 N.C. at 452, 276 S.E.2d at 335. Whether conduct is sufficiently "extreme and outrageous" to support a claim is a question of law. *See Lenins v. K–Mart Corp.*, 98 N.C.App. 590, 599, 391 S.E.2d 843, 848 (1990) (citations omitted). Conduct is considered extreme and outrageous only when it is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds

---

**2.** This Court recognizes that Plaintiff's complaint fails to specify the exact state statute or constitutional provision allegedly violated by the Defendants. Using the liberal pleading requirements of Federal Rule of Civil Procedure 12(b)(6), however, she has sufficiently

stated a claim. *But see, Considine*, 145 N.C.App. at 321–22, 551 S.E.2d at 184 (requiring a more specific allegation under North Carolina Rule of Civil Procedure 12(b)(6)).

of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Briggs v. Rosenthal,* 73 N.C.App. 672, 677, 327 S.E.2d 308, 311 (1985) (quoting *Restatement (Second) of Torts,* § 46, Comment d).

North Carolina courts have been particularly hesitant in finding intentional infliction of emotional distress claims actionable within an employment claim. *Haburjak v. Prudential–Bache Sec. Inc.,* 759 F.Supp. 293, 302–03 (W.D.N.C.1991). A termination, allegedly in violation of federal law alone, does not constitute extreme and outrageous conduct. Conduct that is considered "intemperate" will not ordinarily be sufficient to state a claim for intentional infliction of emotional distress. *See Buser v. Southern Food Serv., Inc.,* 73 F.Supp.2d 556, 573 (M.D.N.C.1999). Further, under North Carolina law, acts of discrimination are not necessarily "extreme and outrageous." *See Frazier v. First Union Nat'l Bank,* 747 F.Supp. 1540, 1553 (W.D.N.C.1990) (holding that allegations of race and sex discrimination did not show extreme and outrageous conduct under North Carolina law).

Here, Plaintiff alleges that Defendants asked her to sign a false affidavit; when she refused, Defendant Green made a racially discriminatory statement to her; and, soon afterward, she was dismissed from her position. While such actions may seem "intemperate," they do not rise to the level of extreme and outrageous conduct, as these terms have been defined by the courts. Even though the Defendants' actions may have violated federal or state law, they are not considered extreme and outrageous. The Defendants' motion to dismiss the claim for intentional infliction of emotional distress is therefore granted.

### G. Obstruction of Justice

Common law obstruction of justice is an offense which "'prevents, ob-

structs, impedes or hinders public or legal justice.'" *In re Kivett,* 309 N.C. 635, 670, 309 S.E.2d 442, 462 (1983) (quoting 67 C.J.S. *Obstructing Justice,* §§ 1, 2 (1978)). While Article 30 of Chapter 14 of the North Carolina General Statutes outlines specific obstruction of justice offenses, the civil common law claim remains a valid cause of action. *Id.* (stating that Article 30 of Chapter 14 did not abrogate the common law offense of obstruction of justice); *Burgess v. Busby,* 142 N.C.App. 393, 408, 544 S.E.2d 4, 12, *reh'g denied,* 355 N.C. 224, 559 S.E.2d 554 (2001) (allowing a civil common law claim of obstruction of justice to proceed, in addition to a statutory claim). In the present case, the Plaintiff alleges that the Defendants attempted to force her to sign a false affidavit, thereby providing false testimony. The affidavit would have been used in a civil suit later filed by one of Plaintiff's colleagues. After she refused to sign the false affidavit, Plaintiff was terminated from her job. Plaintiff's allegations are sufficient to show that Defendants attempted to impede the legal justice system through the false affidavit.

Defendants rely on *Burgess* to argue that Plaintiff does not have standing because a suit involving her was not pending at the time of the alleged obstruction of justice. This reliance is misplaced. In *Burgess,* the defendant retaliated against jurors who had previously found him liable for medical malpractice. *Id.,* at 396–98, 544 S.E.2d at 6–7. His acts constituting obstruction of justice occurred after the completion of his first trial, but before the filing of the obstruction of justice claim. In *Burgess,* even though a suit was not pending at the time of the acts that obstructed justice, the plaintiffs had standing. Defendants' argument that there must be a suit pending against Plaintiff to have standing for a valid obstruction of

justice claim, therefore, fails. Defendants' motion to dismiss is denied.

## H. Sanctions

Both parties have moved for the imposition of sanctions. In their motion to dismiss, Defendants argue that each claim presented by the Plaintiff is frivolous and, therefore, they should be awarded attorneys' fees for having to defend such a lawsuit pursuant to N.C. Gen.Stat. § 6–21.5. Plaintiff has countered by asking for attorney's fees in being required to respond to Defendants' baseless arguments in the motion to dismiss pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

■ Because this suit is in federal court, the Federal Rules of Civil Procedure and federal statutes govern the imposition of sanctions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 135, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (noting that it is the "clear intent to have the [Federal] Rules [of Civil Procedure], including Rule 11, apply to all district court proceedings").

Federal Rule of Civil Procedure 11(b) provides in pertinent part:

By presenting to the court ... a pleading ... an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ...;

(3) the allegations and other factual contentions have evidentiary support or, ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....

Fed.R.Civ.P. 11(b). Title 28, United States Code, § 1927 provides in pertinent part that "[a]ny attorney ... who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."

■ Plaintiff's claims for intentional infliction of emotional distress and for conspiracy under both § 1985(2) and North Carolina law are the only ones being dismissed at this juncture and the only claims for which sanctions will be considered. The Court finds Plaintiff made a legitimate effort to present these claims both in the complaint and in her response to the Defendants' motion. However, the Court further finds that Plaintiff failed to adequately allege "extreme and outrageous" conduct or to properly allege a meeting of the minds or a plan in regards to her claims of conspiracy. These deficiencies in the pleadings are not so extreme as to merit sanctions. The Court finds that the claims were not made for an improper purpose and there were possible arguments for such claims. The Court's dismissal of these claims does not mean they were frivolous. Defendants' motion for sanctions, therefore, is denied.

■ Likewise, Plaintiff moves for sanctions claiming the Defendants' arguments are frivolous and without merit. While the Defendants were apparently not aware of the recent United States Supreme Court decision, *Swierkiewicz, supra*, which is directly inapposite to one of their arguments, the Court finds such oversight is not sanctionable and will deny the Plaintiff's motion as well.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss is **GRANTED IN PART,** and the Plaintiff's claim of conspiracy pursuant to 42 U.S.C. § 1985

and the pendant state claims of civil conspiracy and intentional infliction of emotional distress are hereby **DISMISSED**; the Defendants' motion to dismiss the remainder of Plaintiff's claims is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' alternative motion for a more definite statement is hereby **DENIED**.

**IT IS FURTHER ORDERED** that both the Defendants' and the Plaintiff's motions for sanctions are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff amend her complaint by filing with the Court the Exhibits referenced in her original complaint along with the right-to-sue letter within 15 days from service of this Memorandum and Order. The Defendants shall have 20 days after service of such amendment in which to file answer or otherwise respond to the Plaintiff's complaint and amendment.