The People of NORTH CAROLINA, ex rel. in the Matter of Kurt KASLER and Laura Kasler, Petitioners,

v.

Carol HOWARD d/b/a Commissioner of Division of Motor Vehicles North Carolina Department of Transportation, Respondent.

No. CIV. 303CV46.

United States District Court, W.D. North Carolina, Charlotte Division.

April 17, 2003.

Kurt Kasler, Charlotte, NC.

Laura Kasler, Charlotte, NC.

Jeffrey R. Edwards, Esq., Raleigh, NC.

### MEMORANDUM AND ORDER

VOORHEES, District Judge.

**THIS MATTER** is before the Court on Respondent's Motion to Dismiss and, in the alternative, Motion for Judgment on the Pleadings, and Brief in Support, all filed February 27, 2003. On March 25, 2003, Petitioners filed their "Opposition to Respondents [sic] Motion to Dismiss and Motion for Judgment on the Pleadings."

Respondent did not file a Reply, and these Motions are now ripe for disposition.

Having carefully considered the parties' arguments and the applicable authority, the undersigned *grants* Respondent's Motion to Dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

*Pro se* Petitioners commenced this action, alleging constitutional violations based on the requirement that individuals must disclose their social security ("SS") numbers before they may be granted a North Carolina Drivers License. On January 25, 2002, Petitioner Laura Kasler went to the Gastonia office of the Department of Motor Vehicles ("DMV") to obtain a renewal of her drivers license. (Compl. at ¶ 12.) When Petitioner Laura refused to disclose her SS number, the DMV denied her request for a drivers license. (*Id.* at 13.) When Petitioner Kurt Kasler went to the Mecklenburg County DMV office on October 31, 2002, he was also denied a drivers license when he refused to provide his SS number. (*Id.* at 14, 15.)

Petitioners, on February 3, 2003, filed a Complaint in this action, alleging that the requirement that they provide their SS number to obtain a drivers license violates (1) the Privacy Act of 1974; (2) the First Amendment; and (3) due process. Petitioners seek to have this Court declare as unconstitutional the requirement of providing a SS number to obtain a drivers license in North Carolina, and to enter an injunction prohibiting Respondent from enforcing the statute that requires a drivers license applicant to provide a SS number.

### II. DISCUSSION OF CLAIMS

Respondent argues that Petitioners' Complaint should be dismissed in its entirety for the following reasons: (1) the requirement that a person disclose his or her SS number prior to receiving a North

Carolina drivers license does not violate the Privacy Act of 1974; (2) Petitioners have not stated a claim for violation of their First Amendment rights; and (3) Petitioners have not stated a claim for a violation of their due process rights.

## A. Standard for a Motion to Dismiss

 "The purpose of a Rule 12(b)(6) motion is to test the adequacy of the complaint. It does not resolve arguments regarding the facts, merits of the claims or the possible defenses." *United States ex rel Wilson v. Graham County Soil & Water Conservation Dist.*, 224 F.Supp.2d 1042 (W.D.N.C.2002) (*citing Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992)). In considering a Rule 12(b)(6) motion to dismiss, the Court must take the allegations in the complaint as true, and construe the facts alleged in the complaint in the light most favorable to the plaintiff. *See GE Inv. Private Placement v. Parker*, 247 F.3d 543, 548 (4th Cir.2001). " '[Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief.' " *Jackson v. Blue Dolphin Communications of N.C., L.L.C.*, 226 F.Supp.2d 785, 788–89 (W.D.N.C.2002) (*quoting Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997)) (brackets in original). Viewing the facts in the light most favorable to the non-movant is especially important when the movant seeks to dismiss a complaint filed by a *pro se* plaintiff. *Suarez v. Charlotte–Mecklenburg Schools*, 123 F.Supp.2d 883, 886 (W.D.N.C.2000). Since often in a *pro se* case the issues are not clearly articulated, there is a greater burden on the district court to insure that constitutional deprivations are redressed. *Id.* (*quoting Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)).

 To survive a Rule 12(b)(6) motion, "a complaint need only outline a rec-ognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some form of relief." *Jackson*, at 788–89. A motion to dismiss is not limited to claims of law which are obviously unsupportable; rather if, as a matter of law, it is obvious that no relief could be granted under any set of facts alleged by the plaintiff, the claim must be dismissed. *Id.* Furthermore, the burden placed on a district court faced with a *pro se* plaintiff is that of "examin[ing] the *pro se* complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations." *Suarez*, 123 F.Supp.2d at 886.

 However, what a Rule 12(b)(6) motion does not permit is dismissal of a claim based on disbelief of the factual allegations contained in the complaint. *Id.* "If 'relief could be granted under any set of facts that could be proved consistent with the allegations,' the motion must be denied." *Id.* (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). "Vague and conclusory allegations are insufficient to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure." *Id.* at 887. Moreover, if a court determines that the plaintiff has failed to state a claim upon which relief can be granted, there is no verdict for a jury to render and thus any request for a jury trial is moot.

## B. Petitioners' Claims Under the Privacy Act of 1974

 Petitioners maintain that the DMV's requirement that an applicant provide a SS number as a condition of obtaining a drivers license violates the Privacy Act of 1974.[1] The Privacy Act of 1974

---

1. The North Carolina statute governing the issuance and renewal of drivers licenses pro-

provides:

It shall be unlawful for any Federal, State, or local government to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his SS account number.

Pub.L. No. 93–579 Sec. 7(a)(1), 88 Stat. 1896 (codified at 5 U.S.C. § 552a). While the Privacy Act is still valid, the Tax Reform Act of 1976 expressly exempts state agencies—such as the DMV—from the above requirement so long as the required disclosure of a SS number is for "the administration of any ... *driver's license,* or motor vehicle registration law within its jurisdiction." 42 U.S.C. 405 § (c)(2)(C)(i) (emphasis added).

Moreover, the Social Security Act expressly authorizes states to require the disclosure of SS numbers in overseeing the administration of drivers license requirements, and any law that conflicts with this authorization is "... null, void, and of no effect." 42 U.S.C. §§ 405(c)(2)(C)(i), (v). Therefore, the requirement that a person disclose their SS number prior to the DMV's issuance of a drivers license does not violate the Privacy Act of 1974. Thus, Petitioners cannot maintain a claim under the Privacy Act of 1974.

### C. Petitioners' Claim for Violation of First Amendment Rights

Petitioners contend that the DMV's requirement that they provide his or her SS number in order to obtain a drivers license violates their First Amendment rights— specifically, their right to privacy and their right to the free exercise of religion. (Compl. at ¶¶ 29–31.)

vides, in part: "The Division shall not issue a[ ] ... *drivers license* to an applicant who fails to provide ... the applicant's valid SS

### 1. Right to Privacy

■ It is settled that there is no "right of privacy" found in any specific guarantee in the Constitution. *See Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). However, the United States Supreme Court has recognized that some of the specific constitutional guarantees have created "zones of privacy" that impose limits upon governmental power. *Id.* at 712–13, 96 S.Ct. 1155. While the Court has been unable to categorize these rights, it has made clear that the guarantee of personal privacy is limited to those rights that are " 'fundamental' or 'implicit in the concept of ordered liberty.' " *Id.* at 713, 96 S.Ct. 1155 (*quoting Palko v. State of Connecticut,* 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1937)). The rights included in such "zones" include the right to suppress evidence seized in the course of an unreasonable search, or matters relating to marriage, procreation, contraception, family relationships, and child rearing and education. *Id.* at 713, 96 S.Ct. 1155.

■ Petitioners' privacy claim is substantially different from these protected "zones." This case—regarding the disclosure of SS numbers in conjunction with obtaining a drivers license—does not invade Petitioners' privacy so as to create an absolute prohibition on Petitioners' conduct. In fact, "the contention that disclosure of one's SS account number violates the right to privacy has been consistently reject in other related contexts." *McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir.1980) (*citing Cantor v. Supreme Court of Pa.,* 353 F.Supp. 1307, 1321–22 (E.D.Pa. 1973), *Conant v. Hill,* 326 F.Supp. 25, 26 (E.D.Va.1971)); *see also Stoianoff v. Commissioner of the DMV,* 12 Fed.Appx. 33, 35, 2001 WL 568129 (2d Cir.2001). More-

number." N.C. Gen.Stat. § 20–7(b1) (2002) (emphasis added).

over, the State is not compelling Petitioners to disclose their SS numbers; rather, Petitioners are voluntarily applying for such license. The disclosure is simply a condition precedent to the privilege of operating a motor vehicle in North Carolina. Therefore, Petitioners' First Amendment right to privacy has not been violated.

## 2. Right to Free Exercise of Religion

Petitioners' argument that the DMV's requirement violates their First Amendment right of free exercise of religion is vague and conclusory. Petitioners merely allege that they "have the right to liberty of conscience not to be numbered against the dictates of the Holy Scriptures and Petitioners' religious convictions." (Compl. at ¶ 30.) However, since Petitioners are *pro se*, this Court has the duty to insure that possible constitutional deprivations are redressed, whether the *pro se* litigants' arguments are unfocused or not.

▮ Even broadly construing Petitioners' claim, the Court has "never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate." *Employment Division, Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 878–79, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990). Moreover, "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)." *Id.* at 879, 110 S.Ct. 1595 (internal quotes omitted).

▮ Therefore, Petitioners' religious beliefs—whatever they may be—does not excuse them from complying with the State's requirement of disclosure of a SS number prior to obtaining a drivers license. This requirement is valid and neutral—all applicants are required to provide such documentation. Furthermore, the non-use of a SS number is not a "deep religious conviction, shared by an organized group, and intimately related to daily living." *United States v. Bales*, 813 F.2d 1289, 1297 (4th Cir.1987) (*quoting Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972)). Rather, "[i]t is more on the order of a 'philosophical and personal' belief, which does not garner protection under the first amendment." *Id.*

Petitioners have failed to state a claim upon which relief can be granted in their allegations that Respondent's actions violate their First Amendment rights to privacy and free exercise of religion. Respondent's Motion to Dismiss is granted on this claim.

## D. Petitioners' Claim for Violation of Due Process Rights

Petitioners also contend that Respondent's required disclosure of SS numbers unlawfully deprives Petitioners of due process. (Compl. at ¶¶ 32–35.) Petitioners allege that as a result of the DMV's requirement, they are deprived of a property right and of their constitutional right to travel. (*Id.* at ¶ 35.)

### 1. Violation of property rights

A violation of due process occurs when an individual is deprived of the protection of liberty and property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Moreover, to have a protected property right, an individual must have a legitimate claim of entitlement to the property interest; he cannot merely have a unilateral expectation of this right. *Id.* at 577, 92 S.Ct. 2701.

▮ In this case, Petitioners do not have a legitimate claim of entitlement to a drivers license. "A license to operate a motor vehicle is not a natural or unre-

stricted right, nor is it a contract *or property right* in the constitutional sense. It is a conditional privilege, and the General Assembly has full authority to prescribe the conditions upon which licenses may be issued and revoked." *Joyner v. Garrett,* 279 N.C. 226, 235, 182 S.E.2d 553, 559 (1971) (emphasis added). Therefore, Petitioners cannot maintain a claim that Respondent violated their due process rights by depriving them of property or liberty.

### 2. Right to travel

 The right to travel, protected by the Due Process Clause, is "the right of a United States citizen to travel from one State to another and to take up residence in the State of his choice." *Jones v. Helms,* 452 U.S. 412, 418, 101 S.Ct. 2434, 69 L.Ed.2d 118 (1981). In the instant case, even taking all facts in the light most favorable to Petitioners, there is no evidence that they are prohibited from traveling from one state to another. Petitioners have voluntarily chosen not to disclose their SS numbers and, thereby, are unable to obtain a drivers license. However, Petitioners are free to leave the State—although they may not drive without a drivers license.

Even taking the facts in the light most favorable to Petitioners, they have not stated a claim upon which relief can be granted in the allegation that Respondent violated their due process rights. Respondent has not deprived Petitioners of a property right, nor are Petitioners prohibited from traveling. Therefore, this claim will be dismissed

### III. CONCLUSION

Petitioners have failed to state a claim upon which relief can be granted on all of their claims: (1) violation of the Privacy Act of 1974; (2) violation of First Amendment rights; and (3) violation of due process rights. Therefore, Respondent is entitled to a dismissal of Petitioners' complaint.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioners' Complaint is hereby **DISMISSED WITH PREJUDICE.**